UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
M.F., a minor, by and through his parent and
natural guardian YELENA FERRER; M.R., a
minor, by and through her parent and natural
guardian JOCELYNE ROJAS; I.F., a minor, by
and through her parent and natural guardian
JENNIFER FOX, on behalf of themselves and a
class of those similarly situated; and THE
AMERICAN DIABETES ASSOCIATION, a
nonprofit organization,

          Plaintiffs,                          OPINION & ORDER

          - against -                       18 Civ. 6109 (NG)(SJB)

THE NEW YORK CITY DEPARTMENT OF
EDUCATION; THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE; THE OFFICE OF SCHOOL
HEALTH; THE CITY OF NEW YORK; BILL
DE BLASIO, in his official capacity as Mayor of
New York City; RICHARD A. CARRANZA, in
his official capacity as Chancellor of the New
York City Department of Education; OXIRIS
BARBOT, in her official capacity as Acting
Commissioner of the New York City Department
of Health and Mental Hygiene; and ROGER
PLATT, in his official capacity as Chief Executive
Officer of the Office of School Health,

          Defendants.
------------------------------------------------------------x
GERSHON, United States District Judge:

      Seeking only declaratory and injunctive relief, plaintiffs filed suit pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation Act"); Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"), alleging that defendants (collectively referred to as New York City Department of Education, or "DOE") have systemically

1

failed to provide appropriate care to students with Type 1 and Type 2 diabetes in New York City public schools in violation of the students' civil rights. By this motion, plaintiffs seek certification of the following class, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure:

> All students with diabetes who are now or will be entitled to receive diabetes-related care and attend New York City Department of Education schools.

Defendants do not object to class certification. Based on the plaintiffs' motion for class certification, the evidence presented, the information provided during the conference on April 24, 2019, the Consent Order dated June 11, 2019, and for the reasons set forth below, plaintiffs' motion for class certification is granted.

**I.  Background**

Plaintiffs in this action are three children, by and through their parents and natural guardians, who have Type 1 diabetes and attend DOE schools. Additionally, plaintiffs include the American Diabetes Association ("Association"), which is suing as an organizational plaintiff on behalf of its members who include children with Type 1 and Type 2 diabetes who attend DOE schools and their parents.

Plaintiffs allege that the DOE has consistently failed to hold meetings and to finalize plans for students at the beginning of the school year or following diagnosis of students with diabetes, as required under Section 504 of the Rehabilitation Act. Without what is referred to as a "Section 504 plan," plaintiffs allege that parents and guardians must report to school multiple times per day to provide medical care that the DOE does not provide, including testing blood glucose levels and administering insulin. As a result, plaintiffs allege that it can take days, weeks, or months before students with diabetes are able to safely attend DOE schools or school-sponsored activities without their parents or family members also attending. Plaintiffs further claim that, even when a Section

504 plan is in place, defendants lack backup plans to ensure a staff member is available to help with diabetes care when the primary school caregiver is absent.

Plaintiffs allege that the DOE puts the putative plaintiff class in danger by not appropriately training teachers, paraprofessionals, and nursing staff to recognize and treat diabetes symptoms. Additionally, plaintiffs allege that the DOE segregates and stigmatizes the putative class of plaintiffs. For example, plaintiffs allege that students with diabetes miss educational time by being forced to leave the classroom multiple times per day to receive care in nurses' offices and by being unable to participate in field trips and before- and after-school activities, including school breakfast, after-school care, and school bus transportation.

In support of their motion for class certification, plaintiffs submitted declarations from Yelena Ferrer, Jocelyne Rojas, Jennifer Fox, Michelle Caiola, and Katie Hathaway. Ms. Ferrer, Ms. Fox, and Ms. Rojas are the mothers of class representatives M.F., I.F., and M.R., respectively. M.F., I.F., and M.R. are children with diabetes who attend DOE schools. The declarations of Ms. Ferrer, Ms. Fox, and Ms. Rojas explain the Section 504 Plan processes (or lack thereof) that they experienced; the alleged failure of DOE to appropriately care for their children with diabetes; the claimed inadequate training given to school staff to handle diabetes care; the difficulties faced with regard to bus transportation, after-school care, and field trips; and the attendant harm to the named plaintiffs and their families. The declarations also indicate that Ms. Ferrer, Ms. Fox, and Ms. Rojas are all members of the American Diabetes Association.

Ms. Hathaway is the Vice President of Legal Advocacy with the Association. Her declaration explains that the Association is the largest and most prominent nongovernmental organization that addresses diabetes treatment and the impact of diabetes on peoples' daily lives. Ms. Hathaway's declaration further describes the Association's Legal Advocate Program, which

provides information about the legal rights of children with diabetes and assists families in self-directed advocacy so that they can obtain the services and accommodations they need. According to Ms. Hathaway's declaration, the issues raised by M.F., I.F., and M.R. are typical of the issues raised by other New York City families who have contacted the Association for assistance. Additionally, healthcare professionals in New York City have conveyed to the Association that their patients struggle with the same issues described by the named plaintiffs in this case. Ms. Hathaway also provides information regarding the work the Association has done with attorneys across the country in submitting *amicus curiae* briefs, acting as intervenor defendants, securing expert witnesses, sharing legal research, and providing technical assistance in varied cases involving individuals with diabetes.

The declarations of Ms. Ferrer, Ms. Fox, Ms. Rojas, and the Association—through Ms. Hathaway—express their understanding of the duty to represent not just their own interests in this lawsuit, but also those of all class members. Each declarant expresses her goal in this case as improving DOE's policies and practices for providing diabetes-related care so that all children with diabetes are safe at school and able to fully participate in all school and school-related activities.

Ms. Caiola is counsel for plaintiffs and her declaration provides information regarding the adequacy of Disability Rights Advocates ("DRA") to serve as class counsel in this matter. DRA is a 501(c)(3) non-profit public interest organization exclusively dedicated to advancing the civil rights of people with disabilities. According to Ms. Caiola, DRA has acted as class counsel in hundreds of disability civil rights class actions across the country, including at least one prior class action litigated on behalf of children with diabetes. Annexed to Ms. Caiola's declaration are four exhibits providing the resumes of Ms. Caiola, Maia Goodell, Torie Atkinson, and Seth Packrone,

all attorneys with DRA. These resumes reflect superior academic achievements, an enduring commitment to public service, and a wealth of experience litigating civil rights matters. Finally, the declaration of Ms. Caiola indicates that DRA is "committed to litigating this case vigorously on behalf of the plaintiff class .... [and] has the resources required to litigate this matter in a cost-effective, efficient, and thorough manner."

## II. Analysis

### A. Requirements of Rule 23(a)

Federal Rule of Civil Procedure 23(a) sets forth certain prerequisites to a class action lawsuit:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Before certifying a class, a district court must be persuaded, "after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999), *cert. denied sub nom Metro-North Commuter R.R. v. Norris*, 529 U.S. 1107 (quoting *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982)). Although not expressly required by Rule 23, the Second Circuit has also recognized an implied requirement of ascertainability, which requires that the description of the proposed class be sufficiently definite using objective criteria. *In re Petrobras Sec. Litig.*, 862 F.3d 250, 260 (2d Cir. 2017). In addition to the Rule 23(a) requirements, the named plaintiffs must also demonstrate that class certification is warranted under Rule 23(b)(2), which is available where the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby

5

making appropriate final injunctive relief or corresponding declaratory relief applicable to the class as a whole. Fed. R. Civ. P. 23(b)(2). A party seeking class certification must establish by a preponderance of the evidence that each of the requirements set forth in Rule 23 has been met. *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 201-03 (2d Cir. 2008).

### 1. Ascertainability

Turning, first, to the implied requirement of ascertainability, plaintiffs typically "must demonstrate that there is an 'identifiable class.'" *Cortigiano v. Oceanview Manor Home for Adults*, 227 F.R.D. 194, 207 (E.D.N.Y. 2005) (quoting *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 209 F.R.D. 323, 336 (S.D.N.Y. 2002)). A class is identifiable when, as stated above, its membership may be ascertained by reference to objective criteria, or where "the class description is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Casale v. Kelly*, 257 F.R.D. 396, 406 (S.D.N.Y. 2009) (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Practice and Procedure § 1760 (3d ed. 2008)). Though ascertainability may be less relevant to classes certified under Fed. R. Civ. P. 23(b)(2), since this class is defined by straightforward, objective criteria that are already tracked by defendants, I find the class is ascertainable.

### 2. Numerosity

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This prerequisite is satisfied by a class consisting of at least 40 members. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). Courts have not required evidence of exact class size or identity of class members to satisfy

the numerosity requirement. *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993). Here, the circumstances support a finding that the numerosity requirement has been met.

According to representations by defendants, there were 1,745 students with Type 1 diabetes and 372 students with Type 2 diabetes in DOE schools during the 2016-2017 school year. I agree with plaintiffs that it is reasonable to assume that a similar number of students with diabetes are currently enrolled in DOE schools, and, in any event, it is clear that no less than 40 children with diabetes attend DOE schools. Thus, plaintiffs have shown by a preponderance of the evidence that joinder is impracticable, and the numerosity requirement is satisfied.

### 3. Commonality

Rule 23(a)(2) requires there to be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement . . . does not mandate that all class members share identical claims," *Daniels v. City of New York*, 198 F.R.D. 409, 417 (S.D.N.Y. 2001), and the "individual circumstances of the class members may differ without precluding class certification." *Butto v. Collecto Inc.*, 290 F.R.D. 372, 392 (E.D.N.Y. 2013). Thus, it "is not the raising of common 'questions' – even in droves – but rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation" that renders a class certifiable on commonality grounds. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original) (citation omitted). Put another way, the key inquiry under *Wal-Mart* is "whether the disputed issue could be resolved through common *proof*." *Morangelli v. Chemed Corp.*, 2013 WL 1212790, at *4 (E.D.N.Y. Mar. 25, 2013) (emphasis in original). Further, by their very nature, injunctive actions are apt to satisfy Rule 23(a)(2) because the relief that they seek is applicable to the class as a whole. *Marisol A. by Forbes v. Giuliani*, 929 F. Supp. 662, 691 (S.D.N.Y. 1996), *aff'd* 126 F.3d at 372 (2d Cir. 1997).

Here, plaintiffs allege that all putative class members have suffered injuries from a common issue of law: whether defendants' policies and practices are violating the substantive and procedural rights of the putative class—rights guaranteed to students with diabetes by Section 504 of the Rehabilitation Act, the ADA, and the NYCHRL. There are fundamental legal disputes common to the class, and it is possible that plaintiffs will be able to prove, through common testimonial and documentary evidence, that these violations occur on a large scale and amount to a widespread failure to comply with the applicable laws and regulations. Based on the representations by counsel for the Association at the conference on April 24, 2019, the common issues of law are the same for children requiring diabetes care regardless of whether the children have Type 1 or Type 2 diabetes. Moreover, a determination of the truth or falsity of each common contention "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Thus, plaintiffs have demonstrated by a preponderance of the evidence that the commonality requirement is satisfied.

### 4. Typicality

The typicality requirement of Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Like the commonality requirement, typicality "serve[s] as [a] guidepost[] for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of the Southwest*, 457 U.S. at 158 n.13. The "typicality requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux*, 987 F.2d at 936. Where the same conduct is alleged to have been "directed at or affected

both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims." *Id.* at 936–37. (citing 1 Herbert B. Newberg, *Newberg on Class Actions: A Manual for Group Litigation at Federal and State Levels* § 3.13, at 167 (2d ed. 1985); 7A Wright, Miller & Kane § 1764, at 235–36 (2d ed. 1986)). While Type 1 and Type 2 diabetes may be different diseases with unique causes, I accept the representations by counsel for the Association at the April 24, 2019 conference that children with either form of diabetes are subject to the same serious medical risks and require similar care; therefore, injunctive relief would help children with each disease equally.

Class certification is inappropriate, however, "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch*, 903 F.2d 176, 180 (2d Cir. 1990). There is no indication that any of plaintiffs' claims would subject them to the assertion of unique defenses.

The allegations of the complaint, coupled with the declarations submitted by plaintiffs and the representations by counsel at the conference on April 24, 2019, are sufficient to demonstrate that maintenance of the action as a class action would be economical, and that plaintiffs' claims and the putative class claim are sufficiently interrelated to satisfy the typicality requirement of Rule 23(a)(3).

### 5. Adequacy

Rule 23(a)(4) requires plaintiffs to "demonstrate that the proposed action will fairly and adequately protect the interests of the class." To satisfy this requirement, class representatives must demonstrate that they are members of the class they purport to represent. *In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 100 (E.D.N.Y. 2012). Once that threshold has been met, courts apply a three-part test.

> First, Plaintiff must demonstrate that class counsel is qualified, experienced and generally able to conduct the litigation, and that no conflicts exist that might impair its representation. Second, the named plaintiff must show that there is no conflict of interest between the named plaintiffs and other members of the plaintiff class. Third, a named plaintiff must exhibit enough integrity and credibility to convince the court that the named plaintiff will diligently perform its fiduciary duties to the class.

*Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 536 (E.D.N.Y. 2017) (citations omitted).

As described above, suing by their parents, named plaintiffs M.F., I.F., and M.R. are all members of the class they purport to represent and they all recognize their obligations as class representatives and are committed to representing the needs of absent class members. I am further satisfied by statements made on the record at the April 24, 2019 conference by counsel for the Association that class representatives with Type 1 diabetes will be able to represent absent class members with Type 2 diabetes adequately and that, for the purposes of this action, there is no conflict of interest between the named plaintiffs and other members of the plaintiff class based upon the type of diabetes the individual has.

With regard to the Association, it "has standing to bring suit on behalf of its members when (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation in the lawsuit of each of the individual members." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).[1] I find that the Association

---

[1] The first two prongs of this test are mandated by Article III, while the third prong is "prudential" and may be abrogated by Congress. *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 555–58 (1996). Moreover, when an organizational plaintiff seeks only declaratory and injunctive relief, the participation of individual members is not required. *See Pennell v. City of San Jose*, 485 U.S. 1, 7 n.3 (1988).

meets all three requirements and sufficiently represents the interests of the proposed class.[2] *See, e.g., United States v. City of New York*, 258 F.R.D. 47, 63 (E.D.N.Y. 2009); *People United for Children, Inc. v. City of New York*, 214 F.R.D. 252, 263 (S.D.N.Y. 2003). Indeed, "its raison d'etre is to represent the interests of that class." *Norwalk CORE v. Norwalk Redevelopment Agency*, 395 F.2d 920, 937 (2d Cir. 1968).

There can be no dispute that plaintiffs' counsel has extensive experience with disability-related class action litigation and has sufficient resources to litigate this matter. Moreover, my observations of counsel thus far have shown them to be well-qualified to conduct the action appropriately. I do not find that there are antagonistic interests between the named plaintiffs and the putative class or their counsel.[3]

Because I find that the named plaintiffs will diligently perform their fiduciary duties to the class, the adequacy requirement has been satisfied.

### B. Requirements of Rule 23(b)

In addition to satisfying the prerequisites of Rule 23(a), a party seeking certification of a class must also demonstrate that the action satisfies one of the conditions set forth in Rule 23(b). Plaintiffs here seek to certify a class pursuant to Rule 23(b)(2), which applies to matters in which

---

[2] At the conference on April 24, 2019, defendants waived any objection to the Association's standing as an organizational class representative.

[3] Plaintiff-Intervenors challenge plaintiffs' counsel on the basis that counsel for Plaintiff-Intervenors would have litigated the matter differently by seeking preliminary injunctive relief. That is not a sound basis for finding class counsel inadequate. *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346 (E.D.N.Y. 2018). Plaintiffs have worked vigorously to obtain interim relief for the putative class without the need for a preliminary injunction and indeed, defendants agreed at the conference on January 10, 2019 that "to the extent there's ever an instance in which an individual student has a particular need like, something goes wrong with a nurse, or some sort of program, they can certainly come to court immediately or come to me and we'll try to work it out." (Transcript of Jan. 10, 2019 Conference, at 15:23-16:2).

"the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Second Circuit has recognized that civil rights actions seeking injunctive relief are the "paradigm" of Rule 23(b)(2) class action cases. *Comer v. Cisneros*, 37 F.3d 775, 796 (2d Cir. 1994) (alleging a pattern of racial discrimination against state and local officials). Because plaintiffs here seek injunctive and declaratory relief with respect to the class as a whole, this action satisfies the condition set forth in Rule 23(b)(2).

### C. Class Counsel

Fed. R. Civ. P. 23(g) further requires me to appoint class counsel at the time of certification. In appointing class counsel, I must consider

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). As discussed *supra* in relation to adequacy, DRA has extensive experience representing individuals with disabilities in class actions and systemic reform litigation. DRA has already devoted substantial time to this matter; has investigated and negotiated a Structured Negotiations Agreement to quickly and effectively resolve the systemic issues in the case; and has received inquiries from potential class members and worked to resolve the problems they have experienced. I therefore appoint DRA as class counsel without hesitation.

## III. Notice

"For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). This discretionary notice stands in contrast to the notice required for classes certified under Rule 23(b)(3). Fed. R. Civ. P. 23(c)(2)(B). While I do not find that notice is required under the circumstances, to ensure that students with diabetes who require immediate assistance are able to receive it quickly during the prosecution of this action, I nonetheless direct notice to be given to the putative class. Defendants have agreed to provide notice to all putative class members by mail and posting on the diabetes-specific page of DOE's website. I accept this method of notice and the language proposed by the parties in Exhibit A to the Consent Order.

Defendants shall post the notice to the DOE's website as soon as possible, which I understand can be done relatively quickly. Defendants shall mail the individual notices no later than July 31, 2019. Within two weeks of mailing, defendants shall file with the court with a letter certifying that the notice has been completed.

## IV. Conclusion

For the reasons set forth above, plaintiffs' motion for class certification is granted. The class is defined as follows:

> All students with diabetes who are now or will be entitled to receive diabetes-related care and attend New York City Department of Education schools.

M.F., by and through his parent and natural guardian Yelena Ferrer; M.R., by and through her parent and natural guardian Jocelyne Rojas; I.F., by and through her parent and natural guardian Jennifer Fox; and organizational plaintiff American Diabetes Association are appointed as class

13

representatives. Disability Rights Advocates is appointed as class counsel.

SO ORDERED.

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge.**

June 17, 2019
Brooklyn, NY