UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
M.F., a minor, by and through his parent and
natural guardian YELENA FERRER; M.R., a
minor, by and through her parent and natural
guardian JOCELYNE ROJAS; I.F., a minor, by
and through her parent and natural guardian
JENNIFER FOX, on behalf of themselves and a
class of those similarly situated; and THE
AMERICAN DIABETES ASSOCIATION, a
nonprofit organization,

        Plaintiffs,                        **ORDER**

       - against -                    18 Civ. 6109 (NG)(SJB)

THE NEW YORK CITY DEPARTMENT OF
EDUCATION; THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE; THE OFFICE OF SCHOOL
HEALTH; THE CITY OF NEW YORK; ERIC
ADAMS, in his official capacity as Mayor of
New York City; DAVID C. BANKS, in
his official capacity as Chancellor of the New
York City Department of Education; ASHWIN
VASAN, in his official capacity as Acting
Commissioner of the New York City Department
of Health and Mental Hygiene; and ROGER
PLATT, in his official capacity as Chief Executive
Officer of the Office of School Health,

        Defendants.
-----------------------------------------------------------x

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT**

      This case, brought as a class action, seeks declaratory and injunctive relief pursuant to

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"); Title II of the

Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and the New

York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). It alleges

that Defendants have failed to provide appropriate care to students with type 1 and type 2 diabetes in New York City public schools, in violation of the students' rights under these laws. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4), and jurisdiction over the supplemental claims arising under New York City law pursuant to 28 U.S.C. § 1367(a). The Court also has personal jurisdiction over the parties.

Upon review and consideration of the Motion of Plaintiffs M.F. (by and through his natural guardian Yelena Ferrer), M.R. (by and through her natural guardian Jocelyne Rojas), I.F. (by and through her natural guardian Jennifer Fox), and the American Diabetes Association for Preliminary Approval of Settlement (Dkt. 129) (the "Motion"), including the Proposed Settlement Agreement attached as Exhibit 1 to the Declaration of Torie Atkinson dated September 29, 2022 (Dkt. 131-1) (the "Settlement Agreement") and the incorporated Proposed Notice of Proposed Settlement of Class Action Lawsuit, Long Form (Exhibit L to the Settlement Agreement) and Proposed Notice of Proposed Settlement of Class Action Short-Form (Exhibit M to the Settlement Agreement) (collectively, the "Notices"), IT IS HEREBY ORDERED that:

Preliminary approval of the Class Action Settlement is GRANTED and the Court APPROVES the form of the Notices substantially as agreed upon at the November 21, 2022 hearing. I find that, upon review of the record, including the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement (Dkt. 130) and the Settlement Agreement, giving notice is justified by the Plaintiffs' showing that I will likely be able to approve the Class Action Settlement under Rule 23(e)(2). Following a stay of proceedings pursuant to a joint request by the parties to enter into a Structured Negotiation

Agreement, the parties engaged in extensive settlement negotiations beginning in early 2019. These negotiations, conducted at arms-length by experienced counsel, involved approximately 75 meetings in person, by phone, or by video. They also included the informal production of nearly 2,500 pages of relevant documents, informal testimony from relevant program personnel, and the exchange of proposals, term sheets, and draft Memoranda of Understanding on various issues presented by the Plaintiffs' claims. Ultimately, the parties reached agreement on most issues raised by Plaintiffs in their Complaint. The City is already operating under many of the Agreements reached. The Settlement Agreement provides systemic injunctive relief to class members on the issues raised in the Complaint. The parties did not reach agreement on two issues, related to the provision of trained staff on bus transportation and on field trips, on which Plaintiffs subsequently moved for summary judgment. On those issues, the court granted summary judgment in favor of Plaintiffs and the judgment of the court on those two issues is incorporated into the proposed Settlement Agreement.

In light of the foregoing and having considered the factors contained in the text of Rule 23(e)(2), I will likely be able to find that the proposed settlement is fair, reasonable, and adequate. I note that a class had already been certified, on June 18, 2019 (Dkt. 69), and I, therefore, do not need to determine whether giving notice is justified by the parties' showing that I will likely be able to certify the class for purposes of judgment on the proposal. I further find that the form of the Notices, substantially as agreed upon at the November 21, 2022 hearing, and the method of directing notice by posting to Defendants' and Plaintiffs' Counsel's websites, in every school medical room, and via USPS mail (and email, if known) to the families of each

student with diabetes, is a reasonable manner of directing notice that satisfies the requirements of Rule 23(e), and otherwise satisfies due process.

IT IS FURTHER ORDERED that:

1. By January 9, 2023, Defendants will:

    a. translate the Notices into Spanish, Chinese, Bengali, Russian, Arabic, Urdu, Haitian Creole, French, and Korean, and include with the Long Form Notice a cover letter indicating where to obtain the Long Form Notice in languages other than English;

    b. email the Long Form Notice to the families of all current Class Members (current as of the date of Preliminary Approval) for whom the DOE has an email address;

    c. mail by postal mail the Long Form Notice to the families of all current Class Members (current as of the date of Preliminary Approval) for whom the DOE has a mailing address; and

    d. post the Long Form Notice in every school medical room.

Further, by January 9, 2023, Class Counsel and DOE will each post copies of the Notices and proposed Settlement Agreement in a prominent place on their respective websites, Class Counsel will distribute the Notice(s) to stakeholders and provide it through relevant email listservs, and Plaintiff American Diabetes Association will post the Notice on its website and/or social media.

2. The reasonable expense of giving notice to the Class shall be paid by Defendants.

3. Plaintiffs and Defendants shall provide the court with a status letter by January

4

23, 2023, informing the court of the status of notification to Class Members. The letter shall include information as to whether any mailings or emails to Class Members were returned as undeliverable and, if so, the status of any subsequent mailings or emails to such Class Members.

4. By March 8, 2023, Defendants and Class Counsel will provide declarations to the Court attesting that they each disseminated the Class Notice as directed, and Defendants will provide proof regarding compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

5. A virtual Fairness Hearing will be held on Wednesday, April 19, 2023 at 2:00 p.m. At the Fairness Hearing, the court will consider (a) the fairness, reasonableness, and adequacy of the settlement and whether the settlement should be finally approved, and (b) whether a final judgment should be entered terminating the litigation. The Fairness Hearing may be rescheduled or continued; in this event, the court will furnish all counsel with appropriate notice.

6. Any member of the Class may object to the proposed Settlement Agreement. Any member of the Class who wishes to object must do so in writing, and all objections must be emailed by or postmarked by February 27, 2023, and must be sent to the Court, Defendants, and Class Counsel Disability Rights Advocates at the addresses listed in the Notice.

7. Any Class Member who fails to properly and timely file and serve objections or comments shall be foreclosed from objecting to the Settlement Agreement, unless otherwise ordered by the Court. Any member of the Class may also request permission to speak at the Fairness Hearing by submitting a request in writing as outlined above, emailed or postmarked by this same deadline, February 27, 2023.

8. If the date or time for the Fairness Hearing changes, Class Counsel will post the updated

information to their website.

9. Any member of the Class may enter an appearance on his or her own behalf in this action through that Class member's own attorney (at his or her own expense) but need not do so. Class members who do not enter appearances through their own attorneys will be represented by Class Counsel.

10. Class Counsel and Defendants will respond to any timely filed objections not later than March 15, 2023.

11. Plaintiffs shall file a Motion for Judgment and Final Approval of Settlement no later than March 15, 2023.

12. If, for any reason, I do not endorse the Settlement Agreement without material alteration, the proposed Settlement Agreement and all evidence and proceedings in connection with the Settlement shall be null and void *nunc pro tunc*.

13. Pending further order from the Court, all proceedings in this Action, except those contemplated herein and in the Settlement Agreement, shall be stayed,

                                                        **SO ORDERED.**

                                                        /s/

                                                **NINA GERSHON**
                                              **United States District Judge**

November 22, 2022
Brooklyn, New York